IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS ROBINSON, | Case No.: 4:17-cv-01443 |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| ST. LOUIS METROPOLITAN POLICE DEPT., | |
| and | |
| CITY OF ST. LOUIS, MISSOURI, | |
| and | |
| RONALD E. VAUGHN, in his individual and official capacity | |
| and | |
| MARK MCMURRY, in his individual and official capacity | |
| and | |
| GREGORY W. KLIPSCH, in his individual and official capacity | |
| and | |
| KYLE N. CHANDLER, in his individual and official capacity | |
| Defendants. | |

**COMPLAINT**

COMES NOW Defendant Travis Robinson, by and through his undersigned counsel, and for and in support of his complaint against all Defendants, and states as follows:

**PARTIES AND JURISDICTION**

1

1. At all times relevant herein, Plaintiff Travis Robinson was a United States citizen and resident of St. Louis City, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

2. Plaintiff Travis Robinson is a 20-year old African-American male.

3. Defendant the Metropolitan Police Department of the City of St. Louis ("SLMPD") is an instrumentality of the City of St. Louis, Missouri organized and controlled pursuant to the Statutes of the State of Missouri.

4. Defendant the City of St. Louis, Missouri (hereinafter, "City of St. Louis") is a first class city, and a political subdivision of the State of Missouri duly organized under the Constitution of Missouri.

5. At all times relevant herein, Defendants Ronald Vaughn (DSN 8232), Mark McMurray (DSN 4360), Gregory Klipsch (DSN 7977), and Kyle N. Chandler (DSN 7935) were duly commissioned police officers of the State of Missouri and law enforcement officers employed by the SLMPD.  They are sued in their individual and official capacities.

6. At all times relevant herein, Defendants acted under color of the laws, statutes, ordinances, and regulations of the United States, the State of Missouri, and the City of St. Louis.

7. At all times relevant herein, except as explicitly stated, Defendants acted under the management, regulations, policies, customs, practices and usages of the SLMPD and/or City pursuant to their authority as law enforcement officers.

8. The acts alleged herein occurred in the City of St. Louis, within the Eastern Division of the Eastern District of Missouri.

9. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over the included Missouri state law claims pursuant to 28 U.S.C. §1367.

11. Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

12. On July 22, 2015, Plaintiff Travis Robinson was a passenger in a motor vehicle being operated within the City of St. Louis, State of Missouri (within the Eastern Division of the Eastern District of Missouri)(hereinafter "the Vehicle" or "Vehicle").

13. The Vehicle had three occupants, all young African-American males.

14. Plaintiff Travis Robinson was the sole passenger in the rear-seat of that Vehicle.

15. Defendants Vaughn and Chandler, who were on duty at the time and in unmarked patrol vehicle, attempted to initiate a traffic stop on the Vehicle in which Plaintiff Robinson was the passenger.

16. Defendants Vaughn and Chandler were operating an unmarked vehicle at the time, and were not in police uniforms but were instead wearing street clothes.

17. The driver of the Vehicle in which Plaintiff Robinson was traveling allegedly did not yield to law enforcement and instead fled.

18. The Plaintiff attempted to get out of the Vehicle but the driver refused to release him and kept him in the Vehicle against his will.

19. Defendants Vaughn and Chandler initiated a pursuit of the Vehicle.

20. Defendants McMurray and Klipsch joined in that pursuit.

21. Defendants McMurray and Klipsch were also driving unmarked police vehicles and were not in police uniform.

22. Police deployed spike strips to end the pursuit, which caused the Vehicle to come to a stop.

23. Defendants Vaughn, Chandler, McMurray, and Klipsch exited their police vehicles and engaged the occupants of the Vehicle.

24. Plaintiff Robinson attempted to exit the Vehicle when an as-of-yet unidentified police officer grabbed Plaintiff Robinson from behind, and dragged him forcefully out of the Vehicle.

25. When Robinson was outside of The Vehicle and while complying with officer's instructions, an as-of-yet unidentified police officer or officers kicked Robinson in the abdomen, beat him, kicked in the head, and struck Robinson on the top of his head with an object which fractured his skull.

26. Rather than seeking medical treatment for Plaintiff Robinson's serious medical condition Defendants took Robinson into police custody and transported Plaintiff to the St. Louis City Justice Center for booking and processing.

27. Officials at the Justice Center noticed what appeared to be a skull fracture on Plaintiff Robinson's head. Given the grave nature of the injuries he presented with, officials at the Justice Center refused to take Robinson into custody and directed Defendants to take him to the hospital.

28. At the direction of Justice Center officials, Defendants transported Robinson to Barnes-Jewish Hospital for treatment.

29. At the hospital, Plaintiff was diagnosed with a post-traumatic skull fracture.

30. The Defendants' version and alleged depiction of these events was memorialized in a St. Louis Metropolitan Police Incident Report CN 15-036695, with supplements (hereinafter "report").

31. The report was drafted and approved by the Defendants jointly and severally.

32. The report omitted the assault on Plaintiff Robinson and attempted to justify his injuries by falsely claiming he resisted arrest. The report also created a false report of how Plaintiff Robinson allegedly suffered the injury to his skull.

33. Using the false narrative in the police report, the Defendants applied for warrants with the St. Louis Circuit Attorney's Office.

34. Plaintiff Robinson was subsequently charged by the State with (1) Resisting or Interfering with Arrest {Misdemeanor A, R.S.Mo.: 575.150}; and (2) Tampering With Motor Vehicle - 2nd Degree {Misdemeanor A RSMo: 569.090}.

35. The charges of "Resisting or Interfering" were later nolle prosequi'd by prosecutors.

36. It is a policy, custom and practice of certain officers with the St. Louis Metropolitan Police Department to falsely charge citizens with "resisting arrest" to justify physical assaults on defendants.

37. Upon information and belief, the City and its police department and/or police officers have previously engaged in constitutional violations similar to those set forth herein, to include but not necessarily be limited to false arrests of African-American citizens and residents and the use of unnecessary and unwarranted physical force against African-American citizens, showing a pattern and practice, custom and usage on the part of Defendants to violate the constitutional rights of African-American citizens under color of state law.

## COUNT I
## USE OF EXCESSIVE FORCE COGNIZABLE UNDER 42 U.S.C. §1983
## (AGAINST ALL DEFENDANTS)

For Count I of Plaintiff Travis Robinson's cause of action against all Defendants, Plaintiff states:

38. Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

39. Defendants jointly or severally used excessive physical force against Plaintiff in a physically aggressive and injurious way, without cause or justification, which actions and conduct caused Plaintiff to sustain injuries and damages.

40. Defendants' use of force was unnecessary and punitive.

41. Defendants' manufacturing and promulgation of a false police report is inexcusable and illegal.

42. Plaintiff had a Constitutional right to be free from the excessive use of force.

43. Plaintiff had a Constitutional right to be free from the false allegation and charge of resisting arrest.

44. In the City of St. Louis, the Defendants, under the guidance, leadership and/or the direction of the Department, have created and followed through with a pattern and practice of harassing and assaulting African-American citizens without justification or provocation.

45. The use of force by Defendants jointly or severally was unreasonable, obdurate, wanton, and intentional under the totality of the circumstances, particularly because Plaintiff was not resisting arrest, was not attempting to escape, was not acting violently or aggressively, or in a manner that posed any obvious danger to herself or anyone else, and therefore was in violation of Plaintiff's rights under the 4th and/or 14th Amendments to the United States Constitution.

46. As a direct and proximate result of the actions of Defendants as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: a fractured skull and lesions and contusion.

47. As a direct and proximate result of the actions of Defendants' actions, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

48. The acts of Defendants were taken under color of state law.

49. The conduct of the Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in the individual capacities and to deter each of them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT II
## CONSPIRACY TO DEPRIVE CIVIL RIGHTS
## COGNIZABLE UNDER 42 U.S.C. §1983

For Count II of Travis Robinson's cause of action against Defendants Vaughn, McMurray, Klipsch and Chandler – all in their individual capacity, Plaintiffs state:

50. Plaintiffs incorporate by reference each and every allegation and averment contained in the preceding paragraph of his Complaint as though fully set forth herein.

51. The Defendants jointly or severally assaulted the Plaintiff Travis Robinson.

52. After the assault, the Defendants conspired amongst themselves to cover-up the assault by claiming the Plaintiff was resisting arrest. Defendants also made-up a bogus cause of the injuries to Plaintiff.

53. The Defendants were jointly or severally responsible for the creating and promulgation of this false police report.

54. The officers acted outside the scope of their employment or for personal reasons in (a) assaulting the Plaintiff; and (b) in attempting to cover-up the assault, and in manufacturing / promulgating a false police report.

55. Defendants' use of force was unnecessary and punitive.

56. Defendants' manufacturing and promulgation of a false police report is inexcusable and illegal.

57. Plaintiff had a Constitutional right to be free from the excessive use of force.

58. Plaintiff had a Constitutional right to be free from the false allegation and charge of resisting arrest.

59. In the City of St. Louis, the Defendants, under the guidance, leadership and/or the direction of the Department, have created and followed through with a pattern and practice of harassing and assaulting African-American citizens without justification or provocation.

60. The use of force and false reporting engaged in by Defendants jointly or severally was unreasonable, obdurate, wanton, and intentional under the totality of the circumstances, particularly because Plaintiff was not resisting arrest, was not attempting to escape, was not

acting violently or aggressively, or in a manner that posed any obvious danger to herself or anyone else, and therefore was in violation of Plaintiff's rights under the 4th and/or 14th Amendments to the United States Constitution.

61.     As a direct and proximate result of the actions of Defendants as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: a fractured skull and lesions and contusion.

62.     As a direct and proximate result of the actions of Defendants' actions, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

63.     The conduct of the Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in the individual capacities and to deter each of them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT III
## FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL, AND/OR DISCIPLINE AGAINST THE CITY OF ST. LOUIS AND ST. LOUIS METROPOLITAN POLICE DEPARTMENT
## COGNIZABLE UNDER 42 U.S.C. § 1983

For Count III of Travis Robinson's cause of action against the City of St. Louis and the St. Louis Metropolitan Police Department, Plaintiffs state:

64. Plaintiffs incorporate by reference each and every allegation and averment contained in the preceding paragraph of her Complaint as though fully set forth herein.

65. Defendants violated the constitutional rights of Travis Robinson as set forth herein.

66. There exists within the Police Department and/or the City policies or customs, practices and usages that are so pervasive that they constitute the policies of this Defendant, that caused the constitutional deprivations of Travis Robinson as set forth herein. The policies, customs, practices, and usages that exist are:

   A. To arrest African-American subjects without reasonable cause or provocation and in violation of their constitutional rights;

   B. To ignore the policies and procedures of SLMPD and/or the Police Department, by encouraging and/or permitting the false arrests of suspects, particularly African-American citizens;

   C. To engage in a course of conduct designed to cover-up and insulate City officials from sanction, civil and criminal, and or by the Department or City when targeting African-American citizens; and

   D. To fail to adequately train, supervise, and/or discipline police officers and/or City officials concerning the practices afore-described to assure compliance

10

        with City and/or Department policy, state and federal laws, and the Constitution of the United States.

67. Alternatively and without waiver of the foregoing, the City's training and program was not adequate to train its officers and officials to properly handle reoccurring situations like the one involving Travis Robinson, and therefore, the City had a policy or custom of failing to adequately train employees/officials of the City and/or Department.

68. The City and/or the Department knew that more and/or different training was needed to avoid the false arrests of African-Americans and other constitutional deprivations of the Plaintiffs.

69. The Department was on notice that certain of the named Defendants have had numerous civil rights violation and excessive force complaints lodged against them.

70. The City is ultimately vested with the duty, power and authority to train, supervise, discipline and otherwise control the officers of the Police Department. The City failed in its duty to so train, supervise and discipline Defendants in general and specifically so as to conform their conduct with constitutional requirements. Specifically, the City failed to adequately train, supervise and discipline officers of the Police Department/agents of the City in the proper and lawful arrests of subjects, particularly African-American citizens; failed to train, supervise and discipline officers with regard to the duty to intervene and/or report transgressions, and to truthfully respond to inquiries. The city effectively abrogated the power to train, supervise, discipline and control officers of the Police Department/agents of the City, resulting in the constitutional deprivations to Travis Robinson as set forth above.

71. The acts of the Defendants as set forth herein were taken under color of state law.

72. As a direct and proximate result of the actions of this Defendant as set forth herein, Travis Robinson has been damaged as a result of being responsible for medical bills, physical injury, by pain and suffering, emotional damages, pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff Robinson prays for judgment against the Defendants seeking money damages against them for compensatory damages in an amount that is fair and reasonable for her emotional pain and suffering; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV
## TRAVIS ROBINSON'S CLAIM FOR ASSAULT AND BATTERY UNDER MISSOURI STATE LAW AGAINST DEFENDANTS

For Count IV b of Travis Robinson's cause of action against Defendants Vaughn, McMurray, Klipsch and Chandler – all in their individual capacity, Plaintiff states:

73. Plaintiff Robinson incorporates by reference each and every allegation and averment set forth in the preceding paragraphs in this Complaint as though fully set forth herein.

74. Defendants physically assaulted Plaintiff Travis Robinson, without justification or provocation, by grabbing him from behind, slamming him into a car, and striking him in the head with an object.

75. As a result of this unlawful assault and battery, Travis Robinson was injured.

76. As a direct and proximate result of the assault on Travis Robinson by the Defendant, Plaintiff suffered physical injuries and pain and suffering, and caused him to incur medical bills. The unlawful actions of the Defendants also caused him pain of the mind,

including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, stress and loss of reputation.

77.     The conduct of the Defendants was reckless and callously indifferent to the rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in their individual capacity and to deter them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Travis Robinson prays for judgment against Defendants seeking money damages against him for compensatory damages in an amount that is fair and reasonable for his physical injuries and pain and suffering and for emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV
## TRAVIS ROBINSON'S CLAIM FOR MALICIOUS FALSE PROSECUTION
## STATE LAW AGAINST ALL DEFENDANTS

For Count IV of Travis Robinson's cause of action against all Defendants, Plaintiff states:

78.     Plaintiff Robinson incorporates by reference each and every allegation and averment set forth in the preceding paragraphs in this Complaint as though fully set forth herein.

79.     By authoring and perpetrating a false police report, the defendants made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process.

80.     The Defendants had an improper purpose in exercising such illegal, perverted, or improper use of process – namely to conceal their illegal and unconstitutional assault on Plaintiff Travis Robinson.

81. As a direct and proximate result of the actions of the Defendants, Plaintiff sustained damages as set forth above.

82. The conduct of the Defendants was reckless and callously indifferent to the rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in their individual capacity and to deter them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Travis Robinson prays for judgment against Defendants seeking money damages against him for compensatory damages in an amount that is fair and reasonable for his physical injuries and pain and suffering and for emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By:  /s/ *Talmage E. Newton, IV*
Talmage E. Newton IV, MO56647
tnewton@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile

Filed:  May 4, 2017